

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

Gerald C. Mann
~~~~~~~~~~~~~~
ATTORNEY GENERAL

Honorable F. A. Taylor
County Auditor
Brazoria County
Angleton, Texas

Dear Sir:                           Opinion No. O-4581
                                    Re:  Taxation of improvements
                                         placed by Defense Plant
                                         Corporation on leased
                                         land.

        In your letter of April 30, 1942, you submit
to us the following facts:

        "Defense Plant Corporation leased cer-
    tain properties from the Dow Chemical Company
    at its Plant Site at Freeport, Texas.  De-
    fense Plant Corporation constructed a plant
    for the production of magnesium on this leased
    property, and entered into an agreement with
    the Dow Chemical Company for the operation of
    the same for a period of years.  The con-
    tracts provide that the improvements placed
    on the property shall be the personal property
    of the Defense Plant Corporation, and the De-
    fense Plant Corporation retains the right to
    remove the same."

        You request our opinion as to whether or not
the property thus placed by the Defense Plant Corporation
on the land leased by it is subject to assessment for
taxation for ad valorem taxes by the taxing authorities
of the State of Texas.

        Defense Plant Corporation apparently was organi-
zed under Section 606b, 15 U. S. C. A., and clearly is an
agency of the Federal Government, created "in order to aid
the Government of the United States in its national de-
fense program."  Section 610, 15 U. S. C. A., reads in part:

        "Any and all notes, debentures, bonds, or
    other such obligations issued by the corporation
    shall be exempt both as to principal and interest
    from all taxation (except surtaxes, estate, in-
    heritance, and gift taxes) now or hereafter im-
    posed by the United States, by any Territory,
    dependency, or possession thereof, or by any State,
    county, municipality, or local taxing authority,
    except as provided in Section 742a(a of Title

31. The corporation, including its franchise, its capital, reserves, and surplus, and its income shall be exempt from all taxation now or hereafter imposed by the United States, by any Territory, dependency, or possession thereof, or by any State, county, municipality, or local taxing authority; except that any real property of the corporation shall be subject to State, Territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed. The exemptions provided for in the preceding sentence with respect to taxation (which shall, for all purposes, be deemed to include sales, use, storage, and purchase taxes) shall be construed to be applicable not only with respect to the Reconstruction Finance Corporation but also with respect to (1) The Defense Plant Corporation, . . ."

From the above it is clear that while real property of Defense Plant Corporation is subject to ad valorem taxes, its personal property is exempt. Hence, the material inquiry is whether the property in question is real or personal.

Now, it may be that the property in question if installed by Defense Plant Corporation on its own land would become a part of the realty. But, the agreement that such improvements shall remain the personal property of Defense Plant Corporation and may be removed by it has the effect of preserving the character of such improvements as personal property and it does not become a part of the land. See, Allen v. Salman, 10 S.W. (2) 173; Wright v. MacDowell, 30 S. W. 907; 19 Tex. Jur. p. 726.

Our answer to your question therefore is that the property is not subject to assessment for ad valorem taxes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis
Assistant

APPROVED MAY 12, 1942
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

GRL:GT:jrb

APPROVED OPINION COMMITTEE
BY RWF, Chairman